## Snyder v. Louisville Railway Company.

(Decided November 29, 1912).

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

New Trial—Discretion in Granting.—The circuit court has a broad discretion in the granting of new trials. Its discretion is subject to review; but an order granting a new trial in the exercise of such discretion because of excessive damages will not be reversed unless it appears that the verdict was not so glaringly disproportioned to the damage as to appear to have resulted from passion or prejudice.

JACOB SOLINGER for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

Appellant, Snyder, recovered a verdict against the appellee company, $700 in amount, for personal injuries. Upon defendant's motion, the trial court awarded a new trial. The trial judge put an opinion in the record, reciting as his reason that the damages were excessive. Upon another trial, the verdict and judgment were for the defendant. The plaintiff appeals from the order granting the new trial, and asks that judgment be entered upon the first verdict.

The circuit court has a broad discretion in the granting of new trials. Its discretion is subject to review; but an order granting a new trial in the exercise of such discretion because of excessive damages will not be reversed here, unless the trial court has exceeded the limitation placed upon it by such cases as Nolan's Admr. v.

Standard Sanitary Manufacturing Co., 111 S. W., 290, and Louisville & Nashville Railroad Co. v. Mitchell, 87 Ky., 327; where it was held that the trial court had not the discretionary right to grant a new trial because the verdict appeared to be excessive, unless it was so glaringly disproportioned to the damage as to appear at first blush to have resulted from passion or prejudice. We have carefully gone over the evidence in the case at bar. Without detailing it, it suffices to say that in our judgment the verdict was so large, as compared with the damage suffered, as to appear to be the result of passion or prejudice upon the part of the jury. So finding it, we concur in the judgment of the court which granted the new trial. Since the appeal is predicated upon no other supposed error, the judgment of the trial court is affirmed.